Emanuel Hollman, Incompetent, Marvin Lechtman, Special Guardian ad litem v. Commissioner.
Hollman v. Commissioner
Docket No. 89647.
United States Tax Court
T.C. Memo 1962-236; 1962 Tax Ct. Memo LEXIS 72; 21 T.C.M. (CCH) 1266; T.C.M. (RIA) 62236; October 5, 1962
*72 Bernard J. Long, Esq., 600 Munsey Bldg., Washington, D.C., and Richard P. Milloy, Esq., for the petitioner. John J. Madden, Esq., and Robert A. Trevisani, Esq., for the respondent. RAUM
Supplemental Memorandum Findings of Fact and Opinion RAUM, Judge: The findings of fact and opinion in this case were filed May 11, 1962. 38 T.C. 251. Thereafter petitioner filed a "Motion For Further Hearing", requesting the Court to reopen this proceeding for the sole purpose of permitting petitioner to introduce newly discovered evidence with respect to the $7,614 item which had been charged to him as unreported income from unidentified sources. A hearing was had upon that motion, and the Court, being satisfied that petitioner's counsel in fact had important newly discovered evidence to present with respect to this item, granted the motion. At the same time the Government moved to reopen the matter of fraud: it did not suggest that there was any significant newly discovered evidence relating to the fraud issue, but urged that the evidence with respect to the $7,614 item might have a bearing upon the fraud issue. The Court accordingly refused to reopen the fraud issue *73 generally, but ruled that it would reexamine its conclusion as to fraud to the extent that further light would be thrown upon that issue by the evidence relating to the $7,614 item. A hearing was thereafter held with respect to the $7,614 item. At that hearing evidence was introduced which explained the theretofore unexplained deposit of $7,614. That evidence showed that, except for a relatively minor discrepancy, that deposit, made on June 23, 1953, had its source in United States Savings Bonds, Series E, which petitioner had owned for a number of years prior thereto and which he had redeemed for cash on June 22, 1953. However, the cash thus received by him contained interest which had not been reported. The Government filed a second amendment to its Answer, claiming additional tax in relation to that interest, and petitioner interposed no objection. In the circumstances, we find as a fact that the $7,614 item has been explained and does not constitute unreported taxable income except to the extent of the unreported interest embodied in the proceeds of the redemption of the Savings Bonds. As to the fraud issue, the Court had some doubts at the conclusion of the original hearing *74 but resolved them in petitioner's favor in view of the burden of proof. Those doubts were perhaps somewhat enhanced by the more recent hearing on the newly discovered evidence, but considering the record as a whole we are still of the opinion that fraud has not been proved by the requisite clear and convincing evidence. The parties are directed to file revised computations under Rule 50.